
03/06/2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IRMA NEVAREZ, | § | Case No. 11-40598 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| IRMA NEVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 11-4083 |
| | § | |
| RESIDENTIAL CREDIT SOLUTIONS, | § | |
| INC. and MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDERS REGARDING
CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff-Debtor, Irma Nevarez, initiated this action alleging a wrongful foreclosure on her home and seeking to invalidate both the foreclosure and the mortgage on her home. This proceeding is before the Court on the cross motions for summary judgment by Plaintiff and Defendants, Residential Credit Solutions, Inc. ("RCS") and Mortgage Electronic Registration Systems, Inc. ("MERS"). The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O).[1]

---

[1] When Plaintiff filed for relief under chapter 7, she brought into her bankruptcy estate whatever legally recognizable interests, if any, she still had in the property which was the subject of prepetition mortgage foreclosure sale. *See* 11 U.S.C.§ 541(a). This Court has core jurisdiction to determine Plaintiff's property interest in light of the alleged wrongful foreclosure. *See Brae Asset Fund, L.P. v. Kelly,* 223 B.R. 50, 56 (D. Mass. 1998).

## I. Uncontested Facts

On August 11, 2006, Plaintiff obtained a loan for the purchase of a home. The loan was in the original principal amount of $245,600, bearing interest, and payable to the order of First Franklin, a Division of National City Mortgage ("First Franklin"). The loan is evidenced by a promissory note and secured by a deed of trust pursuant to which Plaintiff and her husband, James E. Dutton, conveyed a security interest in their home in Sachse, Texas. The deed of trust provided in pertinent part: "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."

First Franklin assigned the note to First Franklin Financial Corporation. On April 14, 2009, MERS, as nominee for First Franklin, assigned the deed of trust to First Franklin Financial Corporation. The transfer of the deed of trust was recorded in the real property records on May 4, 2009.

According to her bankruptcy schedules and statements, Plaintiff has owned and operated a restaurant in Sasche, Texas, since 2005. The restaurant generates significant gross revenue. The costs, however, are high. Plaintiff's adjusted gross income was less than $10,000 in 2009 and less than $20,000 in 2010. Plaintiff's bankruptcy schedules and statements also reflect that she and Mr. Dutton obtained a final decree of divorce on November 22, 2010.

In or around June 2010, Plaintiff defaulted on her home loan by ceasing to make payments as they came due. RCS acquired the right to service the loan and possession of the promissory note in August 2010. RCS, acting as servicer, mailed Plaintiff a notice of

default and intent to accelerate on August 23, 2010.[2] Plaintiff failed to cure the default. Accordingly, RCS referred the loan to Hughes, Watters & Askanase, L.L.P. ("HWA") for foreclosure proceedings.

On December 31, 2010, HWA mailed a "Notice of Acceleration," enclosing a "Notice of Substitute Trustee's Sale," to Plaintiff. The Notices identified RCS as the owner of the promissory note and the mortgage on Plaintiff's home.[3] RCS sold the property to Federal National Mortgage Association for $276,974.66 at a non-judicial foreclosure sale on February 2, 2011.

On February 27, 2011, Plaintiff filed a petition for relief under chapter 7 of the Bankruptcy Code. Plaintiff thereby obtained an automatic stay of the eviction proceeding that was pending against her.[4] On March 24, 2011, RCS, as servicer for Federal National Mortgage Association, filed a motion for relief from the automatic stay. RCS attached the substitute trustee's deed to the motion as well as the original note and deed of trust.

Plaintiff filed her bankruptcy schedules several days later (on March 27, 2011). Plaintiff estimated the value of her home at $300,000, and she disclosed that RCS asserted a claim in the amount of $267,586.00 secured by her home. Although she listed RCS as a secured creditor, she indicated that she disputed her obligation to RCS. In a

---

[2] Plaintiff asserts in her adversary complaint that, in the fourth quarter of 2010, she began receiving notices from Bank of America Home Loans, claiming that the servicing of the loan was transferring from First Franklin Loan Services to BAC Home Loans Servicing, L.P., a Bank of America company. Plaintiff did not present any evidence supporting this assertion in her motion for summary judgment or in response to Defendants' motion.

[3] Defendants represent in their motion for summary judgment that Plaintiff defaulted on the loan after RCS obtained the promissory note, indorsed to RCS, and an assignment of the deed of trust to RCS. While this would be very tidy and would simplify the Court's analysis, the Defendants' documents do not support this timeline.

[4] Since RCS foreclosed on Plaintiff's home prior to bankruptcy, the home was not property of her bankruptcy estate. The automatic stay, however, protected Plaintiff from RCS's efforts to evict her from the premises. *See* 11 U.S.C. § 362(a).

3

separate statement of intent, Plaintiff stated that she intended to reaffirm the debt she owed on her home, but "it is unclear who the creditor of the debt is."

Plaintiff objected to RCS's motion for relief from the automatic stay. Plaintiff, however, obtained a discharge of her debts on June 4, 2011. Since the discharge terminated the automatic stay, *see* 11 U.S.C. § 362(c)(2)(C), the Court dismissed the motion for relief filed by RCS as moot.

Plaintiff commenced this adversary proceeding on April 16, 2011. On July 29, 2011, First Franklin Financial Corporation assigned the deed of trust to RCS. The assignment of the deed of trust was recorded in the real property records on August 17, 2011. RCS has had physical possession of the promissory note since it began servicing Plaintiff's loan.

Plaintiff has continued to reside in the home in Sasche, Texas, despite the demands from RCS that she vacate the premises. After she received her discharge and lost the protection of the automatic stay, Plaintiff obtained another automatic stay of the eviction proceedings by filing another petition for bankruptcy relief – this time under chapter 13 – on August 1, 2011, which the Court assigned case number 11-42367. Plaintiff ultimately obtained confirmation of a plan of reorganization in her chapter 13 case. The confirmed chapter 13 plan provided for direct payments to RCS.

**II. The Parties' Arguments**

    **A.    Plaintiff's Motion for Summary Judgment**

In this adversary proceeding, Plaintiff asks this Court to declare that RCS wrongfully foreclosed on her home. Plaintiff seeks a summary judgment that RCS had no right to enforce the note and deed of trust without a proper chain of indorsements that

4

rendered RCS a "holder" under Texas law. Plaintiff also seeks a summary determination that RCS was not entitled to enforce the note by foreclosing on her home, because the involvement of MERS in the original deed of trust split the note from the deed of trust, rendering the note unsecured. Finally, Plaintiff seeks a summary judgment that Defendants' conduct breached the terms of the note and deed of trust and violated the Texas Deceptive Trade Practices Act ("DTPA").[5]

### B. Defendants' Motion for Summary Judgment

Defendants seek a summary judgment denying all of Plaintiff's claims. Defendants assert that RCS has at all relevant times been in possession of and entitled to enforce the promissory note signed by Plaintiff. Defendants seek to establish the foreclosure was valid as a matter of law and not in breach of any contract. Finally, Defendants assert that Plaintiff does not have standing as a consumer under the DTPA.

In response, Plaintiff challenges some of the evidence submitted by Defendants in support of their motion for summary judgment. First, Plaintiff objects to RCS's affidavit on the grounds that it does not indicate whether it is based on personal knowledge, among other things. After Plaintiff filed her objection, the Court allowed RCS to amend its affidavit. The Court, having reviewed the affidavit, the objection, the amended affidavit, and Defendants' response, finds that the objection should be overruled.

Plaintiff also objects to the affidavit by a paralegal at HWA, based on lack of personal knowledge. HWA's affidavit establishes that the declarant is the custodian of the records and properly lays the predicate to authenticate and give testimony regarding notices generated by HWA on behalf of RCS. The Court, having reviewed HWA's

---

[5] In her adversary complaint, Plaintiff also requested injunctive relief preventing Defendants from "moving to foreclose on the property." The Court entered an order denying Plaintiff's request for injunctive relief on July 29, 2011.

affidavit, Plaintiff's objection, and Defendants' response, finds that the objection should be overruled.

Finally, Plaintiff objects to Defendants' Exhibit 1-A, which is a copy of the note that evidences the note was indorsed by First Franklin to First Franklin Financial Corporation and then to RCS. Plaintiff argues that Exhibit 1-A is inadmissible, because the Defendants used only the original note, without any indorsement to RCS, in "Defendants' First Set of Requests for Admissions to Plaintiff."[6] In reply, Defendants' explain that they attached an original copy of the promissory note to their request for admissions for the purpose of having Plaintiff authenticate the document. Defendants' assert that they provided a copy of the fully indorsed note to Plaintiff in response to Plaintiff's discovery requests. The Court, having reviewed Plaintiff's objection, Exhibit 1-A, and Defendant's response, concludes that Plaintiff's objection to Exhibit 1-A should be overruled. The Court now turns to the substance of the parties' motions.

**III. Legal Analysis**

    **A. Standard Applicable to a Motion for Summary Judgment**

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th

---

[6] Plaintiff also objects that Defendants used only the original note and deed of trust, without any indorsements or assignments, in support of their motion for relief from stay. Plaintiff seeks to estop Defendants from now producing an indorsed promissory note. The Court, however, dismissed Defendants' motion for relief from the stay as moot based on Plaintiff's discharge. Accordingly, the documents attached to Defendants' motion were never relied upon by the Court and do not provide a basis for judicial estoppel. *See, e.g., Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) ("In this Circuit, two bases for judicial estoppel must be satisfied before a party can be estopped. First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position.").

Cir. 1994). When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985); *Little,* 37 F.3d at 1075. If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986).

### B. Claim for Wrongful Foreclosure

The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price. *In re Keener,* 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). Wrongful foreclosure claims usually arise in the context of a lender's deficiency action because the foreclosure has not satisfied the outstanding debt. In Texas, to prevail on a claim of wrongful foreclosure, a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.,* 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi, 2008). *See also Sotelo v. Interstate Financial Corp.,* 224 S.W.3d 517, 523 (Tex. App. – El Paso, 2007) ("The elements of

wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price.").

In this case, Plaintiff asserts a defect in the foreclosure proceeding. She does not, however, allege that her home sold for a grossly inadequate price. She also has not provided any summary judgment evidence suggesting that the $276,974.66 sales price for the home she valued at $300,000 in her bankruptcy schedules was inadequate. The Fifth Circuit has repeatedly recognized that summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323).

Perhaps recognizing the futility of her wrongful foreclosure claim, Plaintiff shifts her legal arguments into an attack on the MERS loan registry system in response to Defendants' motion for summary judgment. Plaintiff seeks to invalidate the foreclosure, and the mortgage on her home, by arguing that the involvement of MERS as the nominee for First Franklin split the note from the deed of trust.

Plaintiff relies heavily upon *McCarthy v. Bank of America, NA,* 2011 WL 6754064, *4 (N.D. Tex. Dec. 22, 2011). In that case, MERS purported to assign both the deed of trust and the underlying promissory note. MERS, however, was not the payee of the promissory note and never held the promissory note. The assignee foreclosed upon the plaintiff's home, and the plaintiff sued. The *McCarthy* court concluded that, because the note and deed of trust are inseparable, the assignee did not have the authority to

foreclose pursuant to the deed of trust transferred to it by MERS if it did not also own the note. *McCarthy,* 2011 WL 6754064, *3. *See also Belistri v. Ocwen Loan Servicing*, 284 S.W.3d. 619 (Mo. Ct. App. 2009) (reasoning that since MERS never held the promissory note, its assignment of the deed of trust separate from the note had no force).

Even assuming this Court were inclined to adopt the *McCarthy* court's bifurcation theory, a theory "roundly" rejected by all other state and federal courts in Texas, *see Casterline v. OneWest Bank, F.S.B.*, 2012 WL 5465982, *6 (S.D. Tex. Oct 10, 2012) (collecting cases), the present case is distinguishable. MERS did not purport to assign the promissory note to RCS in this case. The indorsements on the promissory note show that RCS received the right to enforce the note through a chain of indorsements from prior holders. Further, to the extent Plaintiff challenges the authority of MERS, as the nominee for First Franklin, to assign the deed of trust to First Franklin Financial Corporation, Plaintiff signed the deed of trust and thereby consented to its terms, acknowledging that MERS was "nominee for Lender and Lender's successors and assigns," and that beneficiary of the deed of trust was MERS "and the successors and assigns of MERS."

Plaintiff appears to argue that the mere involvement of MERS created a split between the note and the deed of trust at the inception of the loan, and that the loan is, therefore, an unsecured one. This variant of the "split the note" theory also has been repeatedly rejected by courts. These courts have reasoned that the mortgage and note were never split, because MERS was an agent of the original lender under the deed of trust. *Garrett v. HSBC Bank USA, N.A.*, 2012 WL 1658796, *2 (N.D. Tex. May 11, 2012). *See also, e.g., In re Tucker*, 441 B.R. 638, 645-46 (Bankr. W.D. Mo. 2010) ("MERS was the agent for New Century under the Deed of Trust from the inception, and

9

MERS became agent for each subsequent note-holder under the Deed of Trust when each such noteholder negotiated the Note to its successor and assign."); *In re Martinez*, 444 B.R. 192, 203-4 (Bankr. D. Kan. 2011) (following *Tucker*).

For all the foregoing reasons, the Court concludes that Plaintiff has failed to provide summary judgment evidence establishing a claim for wrongful foreclosure by RCS. The Court further concludes that Defendants have submitted affirmative evidence that conclusively negates an essential element of Plaintiff's wrongful foreclosure claim, and Defendants are entitled to judgment as a matter of law.

### C. Claim for Breach of Contract

In Texas, "the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex. App. – Houston [14th Dist], 2005)). Plaintiff in this case asserts that Defendants' wrongful foreclosure on her home was a breach of contract. The summary judgment evidence establishes that Plaintiff breached the terms of the note by failing to make payments as and when due. The summary judgment evidence further establishes that Defendants complied with all noticing requirements under the note and deed of trust and applicable Texas law and, when Plaintiff failed to cure her default, properly foreclosed on her home.

For all the foregoing reasons, the Court concludes that Plaintiff has failed to present summary judgment evidence establishing a breach of contract claim. The Court further concludes that Defendants have submitted affirmative evidence that conclusively

negates an essential element of Plaintiff's breach of contract claim, and Defendants are entitled to judgment as a matter of law.

**D. DTPA Claim**

To prevail on a claim under the Texas DTPA, Plaintiff must prove: (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). To satisfy the first element and qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease" and "the goods or services leased must form the basis of the complaint." *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981). A person who seeks "only the extension of credit ... and nothing more" is not a consumer under the Texas DTPA because the lending of money is not a good or service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 173, 175–76 (Tex. 1980).

In response to Defendants' motion, Plaintiff argues that she is a consumer. Plaintiff cites cases in which individuals acquired a good or service in addition to a mortgage loan and were found to be consumers. *See Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705 (Tex. 1983) (property owners entered into builder's and mechanic's lien contract with contractor for construction of house on their property); *Norwest Mortg. Inc. v. Salinas*, 999 S.W.2d 846 (Tex. App. – Corpus Christi, 1991) (plaintiff-homeowners' injuries were sustained "in connection with" the "services" they acquired from mortgagee in financing building of their home, where builder advertised

11

that financing was available through mortgagee, builder, homeowners and mortgagee were parties to the single closing construction loan agreement, and homeowners complained that mortgagee failed to properly supervise funding during construction and failed to abide by its own policy of obtaining lien waivers prior to disbursement of funds); *Bennet v. Bank United*, 114 S.W3d 75 (Tex. App. – Austin, 2003) (mortgagor who was charged for private mortgage insurance was a "consumer" under the Texas DTPA).

In this case, however, Plaintiff has failed to present any evidence that she sought or acquired a good or service from Defendants in connection with the loan she received to purchase her home. Plaintiff's complaint is not based on any purported goods or services incidental to the loan transaction; rather, her complaint relates to her home loan and RCS's foreclosure on her home following her default. The Court finds and concludes that Plaintiff was not a consumer under the DTPA. *See also Marketic,* 436 F.Supp.2d 842, 855 (N.D. Tex. 2006) (person who obtains a home equity loan does not obtain a "good" or "service" to qualify as a consumer under the DTPA); *Cuevas v. BAC Home Loans Servicing, LP,* 2012 WL 4339063, *4 (S.D. Tex. Sept.19, 2012) ("Courts have held that 'subsequent actions related to mortgage accounts -- for example, extensions of further credit or modifications of the original loan -- do not satisfy the 'good or services' element of the DTPA.").

For all the foregoing reasons, the Court concludes that Plaintiff has failed to present summary judgment evidence establishing a claim for violations of the Texas DTPA. The Court further concludes that Defendants have submitted affirmative evidence

that conclusively negates an essential element of Plaintiff's claim for violations of the Texas DTPA, and Defendants are entitled to judgment as a matter of law.

### E. Claim for Declaratory Judgment

Under both Texas and federal law, a declaratory judgment is a procedural device for granting a remedy; "it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 752 (5th Cir. 1996). *See also Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d. 208, 210 (5th Cir. 1998) (explaining that the Texas Declaratory Judgment Act functions solely as a procedural mechanism for resolving substantive controversies which are already within the jurisdiction of the courts) (quotations and citations omitted). A declaratory judgment action requires the existence of a present justiciable controversy. *Bell v. Bank of America Home Loan Servicing, LP,* 2012 WL 568755, at *8 (S.D. Tex. Feb.21, 2012). Thus, because all of Plaintiff's substantive claims fail, Plaintiff's request for a declaratory judgment also fails.

## IV. CONCLUSION

As the Fifth Circuit explained in *Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868 (5th Cir. 2012) (per curium), " 'winning a free house' simply because the mortgage lenders sought to use normal means to assign the note and deed of trust and, ultimately, to recover from a defaulted debtor would indeed be a lucky strike. But such windfalls are the province of the sweepstakes, not of the federal courts. [Plaintiff] has apparently enjoyed years of free housing while pursuing this meritless litigation." For all the foregoing reasons,

**IT IS ORDERED** that Plaintiff's objections to Defendants' summary judgment evidence are **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiff's request for summary judgment on all of her claims is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for summary judgment on all of Plaintiff's claims is **GRANTED.**

Signed on 3/6/2013

*Brenda T. Rhoades*     SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE